# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LEE HENRY BERRY,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 05-CR-20048
CIVIL CASE NO. 10-CV-12633

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 104)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.[1]

## II. REPORT

### A. Introduction

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington, is the above-entitled motion pursuant to 28 U.S.C. § 2255 to vacate Petitioner Lee Henry Berry's federal custodial sentence, which was imposed on December 20, 2007. I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for report and recommendation without oral argument.

---

[1] In the event that this Report and Recommendation is adopted, Petitioner's Motion for Evidentiary Hearing (Doc. 106) will be moot.

### B. Background

In February 2000, Petitioner pleaded guilty in Bay County, Michigan, Circuit Court to one count of delivery of less than 50 grams of cocaine. (Mot. to Vacate Sentence, Doc. 104 at 2[2].) Petitioner states that his probationary period stemming from that conviction concluded on June 18, 2004. (*Id.* at 4.) Approximately 10 months later, on April 29, 2005, Petitioner was arrested and charged in state court with possession of cocaine, probation violation, and failure to give notice of a change of address. (*Id.* at 2.) On November 3, 2005, he pleaded guilty in Bay County (Michigan) Circuit Court and was sentenced to seven-and-one-half to twenty years' imprisonment.

Four weeks after he was sentenced in state court, Petitioner was indicted by a federal grand jury in the Eastern District of Michigan on four drug charges and two weapons charges stemming from the April 29, 2005, arrest. (*Id.* at 3.) Following a jury trial on those charges, Petitioner was convicted of three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 20, 2007, Petitioner was sentenced to concurrent terms of 30 years on each count, to run consecutively to an existing Michigan Department of Corrections' sentence. On appeal, the Sixth Circuit affirmed Petitioner's conviction and sentence. *United States v. Berry*, 565 F.3d 332 (6th Cir. 2009).

Before the Court is Petitioner's motion brought under 28 U.S.C. § 2255 to vacate his federal sentence. Petitioner's sole argument is that he was convicted and imprisoned pursuant to an "unconstitutional void process" because his state court probation had ended prior to his being arrested and charged with probation violation, drug crimes, and weapon crimes on April 29, 2005.

---

[2]Page cites refer to the page numbers assigned by the Court's electronic case filing system, not to the page numbers appearing on the physical document.

He asserts that both the state and federal courts lost jurisdiction over the offense conduct of April 29, 2005, because his probationary period had already expired. (*Id*. at 4-6.)

**C.    Governing Law**

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

A court is required to notify the United States attorney, grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

**D.    Analysis and Conclusions**

I suggest that in this instance, the file and records of the case conclusively show that Petitioner is entitled to no relief because he has asserted no error relating to his federal indictment, prosecution, trial, or sentencing. Instead, he asserts that an error occurred when the State of Michigan charged him with a probation violation, and he then attempts to claim that the alleged state error fatally affected the subsequent federal prosecution. Petitioner explains it this way:

3

> Both the State's initial filing of the alleged probation violation petition on May 2, 2005, and the Federal Indictment filed on November 30, 2005 was filed AFTER the probation termination period of five (5) years from the June 18, 1999 arrest date, . . . [and therefore] any filings or proceedings held after the expired probation period would be void because the State's 18th Circuit Court lost jurisdiction to proceed against Petitioner after the probationary period had terminated, the statute clearly states the filing of the petition must occur during the probation period. 18 U.S.C. § 3653.[3]
>
> In the present case, the [2255 motion] alleges only one Federal question claim, that the State's 18th Circuit Court and the Federal District Court's [sic] both LACKED SUBJECT MATTER JURISDICTION to hear that claim of probation violation after June 18, 2004, where as here, the alleged probation violation petition was filed AFTER the probation termination date on May 2, 2005.
>
> The Federal District Court took Petitioner to trial on September 10, 2007 based upon the same evidence, facts of violation of the State Court Probation on April 29, 2005 . . . .
>
> The Federal District Court could not have retained jurisdiction by resurrecting the same documents after the expired date of June 18, 2004, by filing the Federal Indictment on November 30, 2005 on the same facts and merits [of the offense conduct that occurred] at 1228 Ashbury Ct. in Saginaw, Michigan, on April 29, 2005.

(Doc. 104 at 26-27.)

I suggest that Petitioner's argument overlooks the critical fact that the federal and state governments are separate and sovereign entities and that it has long been held that there is no prohibition on separate prosecutions by both federal and state officials for crimes against each sovereign involving the same acts. *See Abbate v. United States*, 359 U.S. 187, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 79 S. Ct. 676, 3 L. Ed. 2d 684 (1959). Furthermore, even if Petitioner is correct that his state court conviction for violation of probation was procedurally defective, such an error by one sovereign does not "transfer" to the other. In this case, Petitioner's federal prosecution did not include a charge of probation violation, but only of drug and weapons charges. Petitioner does not raise any argument in his motion to vacate his

---

[3]18 U.S.C. § 3653 was repealed in 1984, but prior to that time it did state that probationers could be arrested for a "violation of probation occurring *during the probation period*."

federal sentence that implicates these charges, the federal prosecution itself, or his federal sentence. As such, I suggest that the motion be denied because Petitioner has not even alleged, let alone demonstrated, "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the . . . jury's verdict," *Humphress*, 398 F.3d at 858, or a "fundamental defect which inherently result[ed] in a complete miscarriage of justice [or a] violation of due process." *Watson*, 165 F.3d at 488.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ Charles E Binder

|  |  |
|---|---|
| Dated: August 3, 2010 | CHARLES E. BINDER<br>United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Barbara Tanase, served by first class mail on Lee Henry Berry, #149368, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI, 49784-1634; and served on District Judge Ludington in the traditional manner.

Date: August 3, 2010            By      s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder