UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Criminal Case No. 05-20048-BC;
                                                    Civil Case No. 10-12633-BC
v.                                                      Honorable Thomas L. Ludington

LEE HENRY BERRY,

        Defendant.
_____ /

**<ins>ORDER ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, DENYING PETITIONER'S MOTION TO VACATE HIS SENTENCE, DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</ins>**

Petitioner Lee Henry Berry was convicted by a jury of two counts of possession with intent to distribute cocaine base, one count of possession with intent to distribute cocaine, and one count of possession of a firearm by a convicted felon on September 10, 2007. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). On December 20, 2007, he was sentenced to thirty years in prison on each count, with the sentences to run concurrently to each other but consecutively to a separate state sentence for violating his probation. On May 14, 2009, the Sixth Circuit Court of Appeals issued an opinion and order affirming the district court's judgment and sentence [Dkt. # 101]. The mandate from the Court of Appeals was filed on June 9, 2009 [Dkt. # 102]. On October 5, 2009, the United States Supreme Court declined to issue a writ of certiorari.

On June 30, 2010, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion on August 3, 2010 [Dkt. # 108]. Petitioner filed objections on August 24 and 27, 2010 [Dkt. # 109,

110].[1]  The district court will make a "de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  A party must file specific objections to the report or the party's right to further review will be waived.  *Id.*  Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

In his motion to vacate [Dkt. # 104], Petitioner argued that this Court lacked jurisdiction to enter a judgment against him because the initial predicate for his arrest was improper.  Specifically, Petitioner argued that he was arrested for a state probation violation even though he was no longer on probation.  Judge Binder rejected the argument, emphasizing that whether Petitioner had violated the conditions of his state probation, or whether he even remained on state probation, is irrelevant to the question of whether a federal court has jurisdiction to enter a judgment against him for violating federal law.  Federal jurisdiction in a criminal case is independent of state jurisdiction, even when both the state and the federal government prosecute a criminal defendant for the same conduct.  *Abbate v. United States*, 359 U.S. 187, 193–94 (1959).

In his objections, Petitioner apparently abandons his argument that this Court lacked jurisdiction to enter a criminal judgment against him.  Instead, he contends that because, in his view, the initial arrest was illegal, all the evidence resulting from that arrest and the subsequent search of

---

[1] Petitioner's objections were not filed within the fourteen-day time limit provided by 28 U.S.C. § 636(b)(1).  As a result, the Court is not obligated to consider them.  However, because Petitioner is acting pro se in these proceedings, the Court will explain its rationale for overruling Petitioner's objections.

his home should have been suppressed. He argues that if the tainted evidence had been suppressed, he would not have been convicted.

This case arose after investigators discovered evidence that Petitioner was living at a duplex in Saginaw Township, Michigan even though the terms of his probation required him to inform his probation officer where he was living and his probation officer believed he was living in Bay City. Investigators surveilled the duplex and observed Petitioner coming and going from duplex, as well as several cars in the driveway that were registered to Petitioner. Investigators also talked to the owner of the duplex, who told them that Petitioner, using the name Alvin King, paid the rent in cash each month. One evening when Petitioner arrived at the duplex, he was arrested for violating his probation by not informing his probation officer where he was living. Investigators searched the car Petitioner was driving and found seven packets of crack cocaine on the floor in front of the driver's seat. They later obtained a search warrant for the duplex, where they found additional crack cocaine, powder cocaine, scales, cutting agents, several thousand dollars in cash, three firearms, and ammunition. Petitioner contends that the arrest was constitutionally defective because he was not on probation at the time. Thus, all of the evidence obtained following his arrest should have been suppressed.

Petitioner's argument fails for a number of reasons. First, objections to a magistrate judge's report an recommendation must be specific challenges to the magistrate judge's conclusions. When a motion referred to a magistrate judge reaches the objection stage, it is too late to introduce new arguments. Petitioner did not specifically challenge the seizure and search in his initial motion to vacate. Rather, he focused on his jurisdictional argument. He cannot change course after the magistrate judge has identified the flaws in his argument.

Second, even if Petitioner's Fourth Amendment argument were properly before the Court, the evidence in the record conclusively demonstrates that he remained on probation when he was arrested. Therefore, there was no Fourth Amendment problem created by the arrest. The presentence investigation report prepared by the United States Probation Department indicates that at the time of his arrest, Petitioner was on lifetime probation imposed by the State of Michigan following a previous drug conviction. Petitioner and his lawyer did not object to the presentence report. Sentencing Tr. 8–9; [Dkt. # 98]. Indeed, Petitoner indicated that he reviewed the report and that the factual information in the report was correct. *Id.* Moreover, although Petitioner and his attorney argued during the sentencing hearing that Petitioner was entitled to be discharged from probation before the arrest occurred, they both admitted that the discharge never occurred. *Id.* Petitioner admitted that he remained on probation when he was arrested:

> So I thought that I was off probation, I thought I had discharged off probation. My attorney tells me that my probation officer never filed the paperwork, so legally I was technically still on probation. So I just wanted to make this for the record whether it make any difference or not I thought I was off probation.

*Id.* at 22. Petitioner's mistaken belief that he was no longer on probation does not make it so, nor does his mistaken belief mean that his arrest for violating the terms of his probation violated the Fourth Amendment.

Petitioner's objections to Judge Binder's report will be overruled because he has not demonstrated that Judge Binder erred in his analysis of Petitioner's motion to vacate. The question of whether Petitioner was on probation at the time of his arrest does not impact this Court's jurisdiction to enter a judgment against him in any way. Moreover, the record evidence demonstrate's that Petitioner was on probation at the time of his arrest. As a result, he cannot demonstrate that the arrest and subsequent search violated the Fourth Amendment. Petitioner's

motion to vacate will be denied.

Petitioner may appeal this Court's determination only if he receives a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A habeas petitioner makes a "substantial showing of the denial of a constitutional right" when he demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Petitioner's claims. As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Judge Binder's report [Dkt. # 108] is **ADOPTED**.

It is further **ORDERED** that Petitioner's objections [Dkt. # 1109, 110] are **OVERRULED**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence [Dkt. # 104] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for an evidentiary hearing [Dkt. # 106] is **DENIED** because Petitioner has not demonstrated that an evidentiary hearing is necessary to resolve his motion to vacate.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: April 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lee Henry Berry #05032-039, at FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on April 29, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS