UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 05-20048

v                                               Honorable Thomas L. Ludington

LEE HENRY BERRY aka Alvin King,

        Defendant.

_____/

**ORDER DENYING MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPTS**

In 2007, a jury found Defendant Lee Henry Berry guilty of possession with intent to distribute cocaine base, 21 U.S.C. §841(a)(1), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). On April 25, 2014, Defendant Lee Henry Berry filed a motion for production of the grand jury transcripts. Berry claims that he has a particularized need for the transcripts because they would presumably demonstrate the "improprieties in the investigation toward defendant . . . ." Mot. 1.

"The court may authorize disclosure . . . of a grand jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(I). Under the rule, "[t]he burden is on the defense to show that 'a particularized need' exists for the [transcripts] that outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Rule 6 codifies "the long-established policy that maintains the secrecy of grand jury proceedings in the federal courts." *Dennis v. United States*, 384 U.S. 677, 681 (1958).

Here, Berry has not shown a particularized need for the grand jury transcripts. He asserts that he had no ties to a certain address and did not conspire with a Mr. Melvin Hoskin "in any

criminal doings. However, Berry does not explain how these assertions demonstrate a defect in the grand jury proceeding, nor does he explain how production of the grand jury testimony would provide support for his claims. Therefore, his assertions that he did had no ties to a certain address or to a Mr. Melvin Hoskin are not enough to constitute a particularized need.[1] *United States v. Short*, 671 F.2d 178, 187 (6th Cir.1982) ("A general claim ... that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of showing particularized need.").

Accordingly, it is **ORDERED** that Defendant's Motion for Production of Grand Jury Transcripts (ECF No. 125) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 3, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lee Henry Berry #05032-039 at Mckean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701 first class U.S. mail on June 3, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[1] Moreover, the Government attests that it has already provided Berry with a copy of the grand jury transcripts. Response Ex. 1, ECF No. 129.