UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 05-cr-20048
                                      Honorable Thomas L. Ludington

v.

LEE HENRY BERRY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE**

Lee Henry Berry is currently serving a 360-month sentence for distributing crack cocaine. On December 12, 2011, Berry filed a motion to reduce his sentence, pursuant to 18 U.S.C. 3582(c)(2), based on the retroactive application of crack cocaine sentencing guidelines. On June 10, 2013, Berry also filed a motion to reduce his sentence based on the recent Sixth Circuit decision in *United States v. Blewitt*, 719 F.3d 482 (6th Cir. 2013) (*Blewitt I*). Based on what follows, both motions will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and

powder cocaine offenders.  Instead of 100-to-1, it now stands at 18-to-1.  In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine.  The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence.  *See* FSA § (2)(a).  The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment.  *Id*. § (8)(1).  The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively.  *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date.  *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).  But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."  132 S. Ct. at 2335.  Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different.  As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application."  U.S. Sentencing Guidelines

Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On September 10, 2007, a federal jury found Berry guilty of three counts of "knowingly possessing . . . cocaine base with the intent to distribute the substance," and one count of "knowingly possessing a firearm . . . after he was convicted of a crime punishable by

imprisonment for more than one year. Verdict Form 1–2, ECF No. 73. A presentence report noted that Berry had at least three previous convictions for violent felonies or serious drug offenses—making him a career offender under U.S. Sentencing Guidelines Manual § 4B1.1—and Berry's offense level was enhanced from 34 to 37. When combined with Berry's criminal history, calculated as category VI, Berry's resulting guidelines range of imprisonment was 360 months to life. On December 21, 2007, the Court sentenced Berry on each of his four convictions to a term of 360 months' imprisonment, with the terms to run concurrently to each other but consecutively to his Michigan Department of Corrections sentence in Case Number 99-1541-FH. *See* J. 3, ECF No. 85.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Berry. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. On December 12, 2011, Berry filed a motion for retroactive application of the crack cocaine sentencing guidelines pursuant to § 3582(c)(2).

Importantly, however, Berry is properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a). At the time Berry was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." *See* 21 U.S.C. § 841(b)(1)(B) (2007). And because his offense carried a possible life sentence, Berry's offense level was increased from 26 to 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b).

But like the new mandatory minimums imposed by the FSA, the amendments to § 841 imposed by the FSA do not apply retroactively; thus, because Berry was sentenced in 2007, the

amendments to § 841 do not apply to him: "the FSA is not retroactive to defendants . . . whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date." *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) (collecting cases). Accordingly, under the old guidelines or the new, the 2007 version of § 841 applies to Berry, which carried a term of up to life in prison (based on his previous convictions). So, under the old guidelines or the new, Berry would still maintain a base offense level of 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). When combined with his criminal history, category VI, Berry's guidelines range remains 360 months to life. Because Berry was classified as a career offender under §4B1.1(a), Amendment 750 does not affect or reduce his sentence. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

### III

Berry also filed a motion to reduce his sentence pursuant to the Sixth Circuit's decision in *United States v. Blewitt*, 719 F.3d 482 (6th Cir. 2013) (*Blewitt I*), on June 10, 2013.

Although it is true that the court in *Blewitt I* held that "the Fair Sentencing Act of 2010 . . . should apply to all defendants, including those sentenced prior to its passage," *id.* at 484, the Sixth Circuit reheard the issue en banc and determined that the Fair Sentencing Act "does not retroactively undo final sentences." *United States v. Blewitt*, 2013 WL 6231727, at *1 (6th Cir. Dec. 3, 2013) (*Blewitt II*). The Supreme Court subsequently denied a petition for a writ certiorari. *See Blewett v. United States*, No. 13-8947, 2014 WL 859676, at *1 (U.S. Mar. 31, 2014).

Notably, under the Sixth Circuit Rules, "[a] decision to grant rehearing en banc vacates the previous opinion of the court, stays the mandate, and restores the case on the docket as a pending appeal."  6th Cir. R. 35(b); *see also Becherer v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 131 F.3d 593 (6th Cir. 1998) (same).  So when the Sixth Circuit granted en banc review of *Blewitt I*, that opinion was effectively vacated.  And under the holding of *Blewitt II*, Berry is not entitled to relief.  His motion for a sentence reduction pursuant to *Blewitt I* will be denied.

### IV

Accordingly, it is **ORDERED** that Berry's motion for retroactive application of the FSA, ECF No. 121, is **DENIED**.

It is further **ORDERED** that Berry's motion for retroactive application pursuant to *Blewitt I* (ECF No. 123) is **DENIED**.

Dated: June 11, 2014                                   s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Lee Henry Berry #05032039, McKean Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on June 11, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS