UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE HENRY BERRY,

        Petitioner,                  Case No. 05-cr-20048

v                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER SUSTAINING OBJECTIONS IN PART, REJECTING REPORT
AND RECOMMENDATION, AND TRANSFERRING
MOTION TO THE SIXTH CIRCUIT COURT OF APPEALS**

On June 16, 2014, Berry filed a motion to vacate his sentence, ECF No. 132. In his motion, he asserts that he received ineffective assistance of counsel and that he is actually innocent of the charges. Because Berry's motion is a second or successive motion pursuant to 28 U.S.C. § 2255, it will be transferred to the Sixth Circuit Court of Appeals.

I

On September 10, 2007, a jury convicted Berry of three counts of Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). On December 21, 2007, he was sentenced to 360 months' imprisonment. J. 3, ECF No. 85.

On June 30, 2010, Berry filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which this Court denied. *See* Mot. Vacate Under 28 U.S.C. 2255, ECF No. 104; Order, ECF No. 111.

On June 16, 2014, Berry filed the instant motion to vacate his sentence. Mot. Vacate, ECF No. 132. This Court referred the motion to the United States Magistrate Judge. The

Magistrate Judge noted that, although Berry titled the motion as "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2255(F)(3)", it appeared that he was actually seeking relief pursuant to 28 U.S.C. § 2241. Accordingly, the Magistrate Judge recommended that Berry's motion be construed as a motion pursuant to § 2241, and she further recommended that the motion be denied.[1]

## II

On November 17, 2014, Berry timely filed objections to the Magistrate Judge's report and recommendation.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

## III

Berry's primary objections concern the characterization of his motion. The Magistrate Judge noted that Berry relies on two statutes in filing the motion, and it is unclear which he is actually relying on:

---

[1] After neither party filed timely objections, this Court adopted the report and recommendation in full and entered judgment in favor of Respondent. However, Berry then filed a motion to alter the judgment, claiming that he had never received a copy of the report and recommendation. Therefore, this Court vacated its judgment and directed that Berry be mailed a copy of the report and recommendation. After restarting the objection time period, Berry timely filed objections to the report and recommendation.

> [Berry] labels his filing as a section "2255(F)(3)" motion apparently under the misapprehension that section 2255's statute of limitations applies to savings clause claims. But his Motion and Brief explicitly rely on section 2241. He cites only section 2241 in the body of the former, and begins the latter by again citing that section.

Rep. & Rec. 22. Accordingly, given Berry's heavy reliance on § 2241 in the body of his motion and brief, the Magistrate Judge construed Berry's motion as one pursuant to § 2241.

Berry asserts that this characterization was in error, and that he meant to bring a motion pursuant to § 2255. He maintains that he is seeking to have his conviction vacated, which is the province of § 2255 motions: "So, let the record reflect that Petitioner's sentence can be vacated by this Honorable Court, based on statutory error because it resulted in a miscarriage of justice . . . making relief under 2255 appropriate." Objs. 3-4. In other words, Berry admits that his original motion may have been unclear,[2] but that he is firmly arguing that his conviction should be vacated pursuant to § 2255 instead of § 2241.

Berry's objection will be sustained, and his motion will be construed as a motion pursuant to § 2255. Pro se litigants are treated to less stringent pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). As such, Berry is free to choose which standard—§ 2255 or § 2241—he is proceeding under, and this Court will respect his choice.[3] Accordingly, Berry's third objection will be sustained and his current petition will be treated as a petition brought pursuant to § 2255.

---

[2] Berry explains that at the time he filed the motion, he was suffering from an injury that interfered with his ability to properly prepare his motion: "and because of this great handicap that has caused Petitioner great discomfort and pain, Petitioner's thought process and rationale when drafting Pro Se legal documents, has naturally been extremely distorted." Objs. 3.

[3] The Court agrees with the Magistrate Judge that it is unclear from Berry's original motion whether he was seeking relief pursuant to 2255 or 2241, and that it appeared from his motion that he intended to seek relief pursuant to 2241. However, in his objections he strenuously asserts that he *did not* intend to bring a § 2241 motion, and therefore this Court will not characterize it as a § 2241 motion. And although the substance, not the title, of a motion generally controls, a number of courts have held that the provisions of § 2255 take precedence over § 2241. *See Perez v. Davis*, 2006 WL 1722212, at *1 (E.D. Mich. June 20, 2006) (noting that when "two statutes cover the same situation, the more specific statute [(§ 2254)] takes precedence over the more general one [(§ 2241)]." For example, when both § 2254 and § 2241 applied, "the provisions of [§ 2254] should take precedence over Section 2241.") (collecting cases). Although *Perez* was dealing with § 2254, § 2255 is likewise narrower than § 2241.

Because this Court will construe Berry's petition as a petition pursuant to § 2255, it cannot address his remaining objections. Berry has already filed a § 2255 petition on June 30, 2010, and this Court denied the 2010 petition on April 29, 2011. *See* ECF No. 111. Therefore, Berry's June 2014 petition is a second or successive § 2255 petition.

Before a second or successive motion to vacate sentence is filed in a federal district court, an inmate shall first file a motion with the Sixth Circuit Court of Appeals requesting permission to file a second or successive motion to vacate sentence. *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997). If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *Id.* (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* This Court will therefore transfer this matter to the Sixth Circuit for a determination of whether Berry is entitled to a certificate of authorization to file a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

And because this Court is without jurisdiction to make a determination on the merits, this Court cannot address Berry's remaining substantive objections concerning his § 2255.

## IV

Accordingly, it is **ORDERED** that Berry's objections are **SUSTAINED IN PART**.

- 5 -

It is further **ORDERED** that the Report and Recommendation is **REJECTED**.

It is further **ORDERED** that the Clerk of the Court shall transfer the motion vacate his sentence, ECF No. 132, to the United States of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Berry can file a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 24, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lee Henry Berry 05032039, at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on November 24, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS