UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v                                                               Case No. 05-20048
                                                               Honorable Thomas L. Ludington

LEE HENRY BERRY,

        Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE**

Lee Henry Berry is currently serving a 360-month sentence for distributing cocaine base. On January 15, 2019, Berry filed a motion to reduce his sentence, pursuant to the First Step Act. On August 19, 2019, he filed an amended motion followed by a similar motion on December 17, 2019. For the following reasons, his motions will be granted in part.

**I.**

On September 10, 2007, a federal jury found Berry guilty of four counts. ECF No. 73. The offenses of conviction were as follows:

> Count 1: "[K]nowingly possessing less than five grams of cocaine base with the intent to distribute the substance."
>
> Count 2: "[K]nowingly possessing five or more grams of cocaine base with the intent to distribute the substance."
>
> Count 3: "[K]nowingly possessing less than 500 grams of cocaine with the intent to distribute the substance."
>
> Count 5: "[K]nowingly possessing a firearm…after he was convicted of a crime punishable by imprisonment for more than one year."

Verdict Form 1–2, ECF No. 73. A presentence report noted that Berry had at least three previous convictions for violent felonies or serious drug offenses—making him a career offender under U.S.

Sentencing Guidelines Manual § 4B1.1—and Berry's offense level was enhanced from 34 to 37. When combined with Berry's criminal history, calculated as category VI, Berry's resulting guidelines range of imprisonment was 360 months to life.

On December 21, 2007, the Court sentenced Berry on each of his four convictions to a term of 360 months imprisonment, with the terms to run concurrently to each other but consecutively to his Michigan Department of Corrections sentence in Case Number 99-1541-FH. See J. 3, ECF No. 85. Furthermore, he was sentenced to concurrent terms of supervised release of 6 years on Counts 1 and 3, 8 years on Count 2, and 5 years on Count 5.

On December 19, 2016, Berry was granted clemency by President Barack Obama. ECF No. 159. The grant of clemency commuted Berry's term of custody to 180 months of imprisonment, but left intact Berry's term of supervised release. It provided:

> I hereby further commute the total sentence of imprisonment each of the following named persons is now serving to a term of 180 months' imprisonment, leaving intact and in effect for each named person the term of supervised release imposed by the court with all its conditions and all other components of each respective sentence:
>
> Lee Henry Berry                    Reg. No. 05032-039

ECF No. 159 at PageID.2050.

On January 15, 2019, Berry filed a motion for retroactive application of the Fair Sentencing Act pursuant to the First Step Act. ECF No. 170.

## II.

### A.

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of cocaine base. The disparity between the penalties for distributing cocaine base and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon

an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of [cocaine base]." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for cocaine base offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of cocaine base. The FSA took effect on August 3, 2010. Among other things, the FSA reduced the statutory minimum sentences for cocaine base offenses by increasing the quantity of cocaine base necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a).

**B.**

On December 21, 2018, Congress passed the First Step Act of 2018 ("1SA"). P.L. 115-391. The law permitted the retroactive application of the FSA and the associated guideline ranges. Section 404 of the 1SA provides.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made

under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

P.L. 115-391, Section 404.

### C.

In reviewing motions brought pursuant to the 1SA, two questions must be asked. First, an initial determination must be made about whether the petitioner is eligible for a sentence reduction. In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the FSA) for a "covered offense" as defined in the 1SA. The petitioner's circumstance must also not implicate one of the 1SA's limitations found in Section 404(c). This initial step is categorical and focused solely on the petitioner's offense or conviction. If the petitioner meets this criteria, the Court moves to the second question. The petitioner's initial guideline range must be compared to the petitioner's new guideline range as modified by the FSA. The §3553 factors must be reviewed as well as any other relevant information to determine whether the petitioner should receive a sentencing reduction.

### III.

### A.

Only Count 2 of Berry's sentence is eligible for reduction. Count 5 is ineligible because it is a firearm offense, not a cocaine base offense that was changed by the FSA.

Counts 1 and 3 of Berry's sentence are also not eligible for reduction under the 1SA because they are governed by 21 U.S.C. § 841(b)(1)(C). An offense under § 841(b)(1)(C) does not qualify as a "covered offense" because it is not a "violation of a Federal criminal statute, the statutory penalties for which were modified by…the Fair Sentencing Act of 2010." P.L. 115-391, Section 404. Unlike § 841(b)(1)(A) and § 841(b)(1)(B), the FSA did not modify § 841(b)(1)(C).

Accordingly, Defendant is ineligible for relief under the 1SA.

Other courts have reached this same conclusion. *See U.S. v. Duggan*, 771 Fed.Appx. 261 (4th Cir. 2019) ("The offense for which [Defendant] was convicted and sentenced - possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C) - was not modified by section 2 or 3 of the 2010 [First Step Act]."); *U.S. v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, [Defendant's] crime of conviction is not a 'covered offense' under the Act.").

**B.**

At the time of Berry's original sentencing, he was sentenced for Count 2 of his conviction under 21 U.S.C. § 841(b)(1)(B) (2006), which had a threshold cocaine base quantity of 5 grams. It provided that an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment of not "less than 10 years and not more than life imprisonment." *See* 21 U.S.C. § 841(b)(1)(B) (2006). Because his offense carried a possible life sentence, Berry's offense level was increased from 26 to 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). Furthermore, his term of supervised release was 8 years due to his prior conviction. *See* 21 U.S.C. § 841(b)(1)(B) (2006) ("[I]f there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.").

However, the FSA (made retroactive by the 1SA) raised the cocaine base quantity threshold in 841(b)(1)(B) from 5 grams to 28 grams. At his original sentencing, Berry was found responsible for 17 grams of cocaine base, which is 9 grams below the new threshold set by the FSA. Accordingly, Berry's offense now falls under 21 U.S.C. § 841(b)(1)(C), which sets his maximum sentence to 30 years. Because his new maximum sentence is 30 years rather than life, his offense

level is 34. *See* U.S. Sentencing Guidelines Manual §4B1.1(b). With a criminal history category of VI, his new guideline range is 262-327. Furthermore, his term of supervised release is reduced to 6 years. 21 U.S.C. § 841(b)(1)(C) ("[I]f there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.")

President Obama commuted Berry's sentence to 180 months, well below his new guideline range of 262-327. Accordingly, Berry's sentence will not be reduced. However, his statutory term of supervised release has decreased from 8 years to 6 years and will be reduced.

**IV.**

Berry further seeks a sentence reduction due to good conduct while in custody. 18 U.S.C. § 3624 provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, *subject to determination by the Bureau of Prisons* that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624(b)(1) (emphasis added). As indicated above, the determination of good conduct lies with the Bureau of Prisons, not a federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Berry has not demonstrated that he exhausted his administrative remedies with the BOP regarding its calculation of his good conduct. *See Matthews v. Williams*, 2019 WL 1639776 (N.D. Ohio April 16, 2019). Furthermore, exhausting his administrative remedies would not be futile since he is not scheduled to be released until 2022.

**V.**

Accordingly, it is **ORDERED** that Defendant's motion to reduce his sentence, ECF No. 170, and accompanying motions, ECF Nos. 175 and 179, are **GRANTED** in part.

It is further **ORDERED** that Defendant's term of supervised release for Count 2 of his conviction is reduced from **8 years** to **6 years**.

It is further **ORDERED** that the remainder of Defendant's sentence remains intact.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: February 11, 2020     s/Thomas L. Ludington
　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Lee Henry Berry** #05032-039, ELKTON FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 10, LISBON, OH 44432 by first class U.S. mail on February 11, 2020.

　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　KELLY WINSLOW, Case Manager