UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                        Case No. 1:05-cr-20048

v.                                           Honorable Thomas L. Ludington

LEE HENRY BERRY,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE**

On November 30, 2005, Defendant was indicted by a grand jury of four counts of possession with intent to distribute cocaine, cocaine base, or Diazepam, one count of felon in possession of firearm and one count of possessing a stolen firearm. ECF No. 3. Defendant was found guilty of three counts of possession with intent to distribute cocaine or cocaine base and one count of felon in possession of a firearm. ECF No. 85. Defendant was sentenced to 360 months for each count to run concurrent with each other, but consecutive to Defendant's state court sentence. *Id.* The Government indicated that Defendant was granted clemency and his sentenced was reduced to 180 months. ECF No. 183.

In January 2019, Defendant filed a motion for retroactive application of sentencing guidelines. ECF No. 170. Two amended motions were subsequently filed. ECF Nos. 175, 179. As a result of Defendant's motion, his term of supervised release was reduced from eight years to six years. ECF Nos. 180, 181. On April 29, 2020 Defendant filed a motion for compassionate release. ECF No. 182. His motion was denied as moot because the Bureau of Prisons approved Defendant to serve his term of incarceration in home confinement. ECF No. 184.

On March 19, 2021, Defendant filed a second motion for compassionate release seeking to "excus[e] him[self] from the remaining 19 months or so of his mandatory-minimum sentence based upon his medical hospice health condition and the covid-19 virus establishing extraordinary and compelling circumstances." ECF No. 188 at PageID.2412.

In his Motion, Defendant explains that "he is a 75 year old medically terminally ill out-patient of hospice, has many medical issued [sic] including his eyes [glaucoma], chest, heart aorta, knees, pain in joints, lower leg, lower back pains, lumbago, bunions, varicose veins, seborrheic dermatitis, osteoarthritis of the right hip, hyperlipidemia, high blood pressure, and high cholesterol." ECF No. 188 at PageID.2416. He states that he "is on 24-hour house arrest and is not allowed to go to the grocery store, shopping mall, Walmart and [] doesn't have a way to exercise or have any social movement with the public." *Id.* at PageID.2418. He explains that the Bannum Place of Saginaw "has laid these restrictions and rules on those who are on home monitoring confinement and have used the COVID-19 virus to justify their actions." *Id.* He seeks to have his sentence reduced to time served or be placed on early probation. *Id.* at PageID.2419.

In response, Plaintiff, the United States of America (the "Government") argued that Defendant has not exhausted his administrative remedies. It argues that Berry previously requested compassionate release, but not because of the COVID-19 pandemic and not after he was on home confinement. ECF No. 189. It also argues that Defendant's BOP medical records do not include the medical conditions listed in the hospice letter. *Id.* Finally, the Government argues that Defendant's age, medical conditions, and the ongoing COVID-19 pandemic are not a justification for his requested release. It argues,

> His request to be released so he can go to the grocery store, the mall and Walmart, and to socialize with the public would exacerbate his risk from Covid-19, rather than mitigate it. He is currently restricted to his home, where he lives with family, and is allowed to go to the doctor and attend religious services. His request for

home confinement was granted, but he is now simply unhappy with the fact that home confinement is just that: serving his sentence through confinement at home, and not the freedom granted to individuals who served their sentences and have been paroled.

ECF No. 189 at PageID.2440. To date, Defendant has not filed a reply.

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Because Defendant is currently on home confinement, it will be assumed without deciding that Defendant has exhausted his administrative remedies. Regardless of Defendant's issue-specific exhaustion, Defendant has not shown extraordinary and compelling reasons for release.

Despite the lack of express guidance on the definition of extraordinary and compelling, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where

he suffers from a medical condition identified as a risk factor for COVID-19. *See United States v. Jones*, 980 F3d 1098, 1102 n.6 (6th Cir. 2020) (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021). Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Even though Defendant has a high risk of severe illness from COVID-19, Defendant is not incarcerated at a prison with a high level of COVID-19 transmission, let alone in any prison

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

facility. The Government's third argument aptly summarizes Defendant's request. Defendant has been released from incarceration in a prison and released to home confinement due to the COVID-19 pandemic. He now desires to have more freedom to interact with the outside world, which is not only inappropriate for his current incarceration status, but also would increase his risk of exposure to COVID-19. Defendant's Motion for Compassionate Release will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 188, is **DENIED**.

Dated: May 5, 2021                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge